UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
CHRISTOPHER JOHNSON,                          **COMPLAINT**

                                                                  **21 cv 5268**

                                                                  **ECF Case**

                       Plaintiff,
        vs.

The CITY OF NEW YORK,
NEW YORK CITY POLICE OFFICERS
STEVEN POUPOS, JOSEPH DAVIN,
and JOHN DOES 1-2                              **JURY TRIAL DEMANDED**
in their individual and official capacities,

                    Defendants.
------------------------------------------------------------x

Plaintiff Christopher Johnson, by his attorney, Cyrus Joubin, complaining of the Defendants, respectfully alleges as follows:

### PRELIMINARY STATEMENT

1. This action arises from civil rights violations against Christopher Johnson ("Plaintiff") by New York City police officers. Plaintiff asserts constitutional claims pursuant to 42 U.S.C. § 1983 ("Section 1983") against the individual defendants for unlawful strip search, violation of due process, failure to intervene, and a *Monell* claim against the City of New York for the same constitutional violations. Plaintiff seeks compensatory and punitive damages, costs, disbursements, and attorney's fees pursuant to applicable state and federal civil rights law.

### JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 and

1

the Fourth and Fourteenth Amendments of the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343 (a)(3) and (a)(4), this being an action seeking redress for the violation of Plaintiff's constitutional and civil rights.

## VENUE

3. Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391(b) because the acts complained of occurred in this district.

## JURY DEMAND

4. Plaintiff respectfully demands a trial by jury on each and every one of his claims as pled herein, pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

5. The individually named defendants Steven Poupos (Shield 19217), Joseph Davin (Shield 899), and Police Officers John Does 1-2 ("PO Doe 2" and "PO Doe 2") (collectively, the "individual defendants") are and were at all times relevant herein officers, employees and agents of the New York City Police Department ("NYPD").

6. On the date of the incident giving rise to this complaint, the individual defendants were assigned to the NYPD 32nd Precinct.

7. Each individual defendant is sued in his individual and official capacity. At all times mentioned herein, each individual defendant acted under the color of state law, in the capacity of an officer, employee, and agent of defendant City of New York ("Defendant City").

8. Defendant City is a municipality created and authorized under the laws of New York State. It is authorized by law to maintain, direct, and to supervise the NYPD, which acts as its law enforcement agent and for which it is ultimately responsible.

## STATEMENT OF FACTS

9. On February 13, 2020, at approximately 1 a.m., Plaintiff was sitting in the passenger seat of his friend Danny Vega's car. Vega was driving and planning to drop Plaintiff off in Harlem, New York City.

10. At approximately 1 a.m., near the intersection of 5th Avenue and 130th Street in Harlem, police officers from the NYPD 32nd Precinct – including individual defendants Davin and Poupos – stopped Vega's vehicle.

11. Just a few minutes before, other officers from the 32nd Precinct had stopped the vehicle and issued Vega tickets for driving with excessively tinted windows. When Vega explained this and showed the officer the tickets, the officers ordered Vega and Plaintiff to exit the vehicle.

12. The officers – including defendants Davin and Poupos – arrested Plaintiff and Vega outside the vehicle.

13. The officers claimed to have found a bag of marijuana and a knife inside the vehicle; none of these items belonged to Plaintiff.

14. The officers transported Plaintiff to the 32nd Precinct where they booked and processed him, fingerprinted and photographed him, and detained him in a holding cell.

15. Plaintiff had two or three pills – consisting of at least one ecstasy pill and at least one Viagra pill – in his boxers, and admitted to the officers that he had those pills.

16. Four police officers – including defendants Davin and Poupos – then proceeded to strip search Plaintiff, cutting his underwear with a knife, making Plaintiff bend over naked, and looking inside Plaintiff's buttocks to see if any contraband was hidden.

17. Nothing unlawful was found in Plaintiff's buttocks.

18. At no point prior to this body cavity search did any officer see Plaintiff conceal or attempt to conceal anything in his buttocks or anywhere else on his body.

19. At no point prior to the body cavity search were any of the individual defendants informed that Plaintiff concealed, or attempted to conceal, anything in his buttocks or elsewhere on his body.

20. Plaintiff should have been released with a Desk Appearance Ticket ("DAT") because as of January 1, 2020, due to New York bail reform legislation (*see* N.Y. Criminal Procedure Law Section 150.20), NYPD officers were required to issue DATs for the alleged crimes of misdemeanor drug possession and weapon possession; Plaintiff did not have any outstanding warrants or other issues precluding his eligibility for a DAT.

21. Plaintiff had a liberty interest in being released with a DAT.

22. Rather than receive a DAT, Plaintiff remained detained and was transported to Central Booking in lower Manhattan.

23. The defendant officers did not follow any procedures or guidelines in refusing to issue Plaintiff a DAT.

24. In the late evening of February 13, 2020, nearly twenty-four hours after his arrest, Plaintiff was arraigned in New York County Criminal Court on Docket No. CR-

003943-20NY, charged with Criminal Possession of a Weapon in the Fourth Degree for allegedly possessing a knife and billyclub recovered from the vehicle.

25. Plaintiff was released on his own recognizance at his arraignment and later accepted an Adjournment in Contemplation of Dismissal ("ACD") to resolve his criminal court case.

**DELIBERATE ACTS UNDER COLOR OF STATE LAW**

26. All of the aforementioned acts of the individual defendants, their agents, servants and employees, were carried out under the color of state law in the course and scope of their duties.

27. All of the aforementioned acts deprived Plaintiff of the rights guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments of the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

28. The individual defendants acted willfully, knowingly, and with the specific intent to deprive Plaintiff of his constitutional rights secured by 42 U.S.C. § 1983, and by the Fourth and Fourteenth Amendments of the United States Constitution.

**FAILURE TO TRAIN AND SUPERVISE**

29. Upon information and belief, the individual defendants' aforementioned abuse of power was not an isolated event. There were other instances of misconduct by the individual defendants that Defendant City knew or should have known about.

30. The NYPD failed to supervise and discipline the individual defendants despite their histories of malicious and mendacious behavior, ignoring the risk that they would engage in future misconduct, thereby encouraging them to continue to abuse their powers and violate the rights of civilians.

**NYPD'S STRIP SEARCH POLICY**

31. Moreover, there has been an over-aggressive and illegal strip search policy in the NYPD, a policy that favors strip-searching low-level, mere possessors of drugs.

32. If the aggressive strip-searching is not an explicit policy of the NYPD, then it is a rampant and recklessly tolerated practice, flagrantly abused, sadistically embraced as a humiliating practice that rarely bears fruit.

33. Since 2014, Plaintiff's lawyer alone – Cyrus Joubin – has filed and settled seven other lawsuits in the Southern District of New York against NYPD officers claiming illegal anal cavity searches on the plaintiffs.

34. Those lawsuits – all of which settled with the illegal strip search claims intact – included Lorenzo v. City of New York, et al., 14 cv 9865 (ALC); Siler v. City of New York, et al., 15 cv 189 (ER); Beverly v. City of New York, et al., 15 cv 2315 (GHW); Ramirez v. City of New York, et al., 15 cv 1589 (PAE); and Williams v. City of New York, et al., 15 cv 8008 (DLC).  In Ortiz v. City of New York, 16 cv 2922 (LTS), as well as Stoute v. City of New York, 18 cv 5004 (AKH), plaintiffs Ortiz and Stoute accepted Rule 68 Offers of Judgment.  In none of those cases was any contraband discovered in the plaintiffs' body cavities.

35. In addition, Cyrus Joubin has settled numerous other claims against the City of New York involving illegal strip searches – including Romulo Paulino v. City of New York (BLA # 2016-PI-017471), Kenneth McRae v. City of New York (BLA # 2016-PI-026652), Michael Johnson v. City of New York (BLA # 2016-PI-016917), Joshua Williams v. City of New York (BLA # 2018-PI-014953), and Katiria Martinez v. City of New York (BLA # 2018-PI-019512) – which claims were settled prior to filing suit.

36. There is no documentation that NYPD officers must complete when conducting a strip search; rather, officers merely check a box, and there is no oversight or scrutiny to ensure that officers have a lawful basis to perform strip searches and that officers truthfully indicate that they performed strip searches.

**DAMAGES**

37. As a direct and proximate cause of the said acts of the Defendants, Plaintiff suffered the following injuries and damages:

   a. Violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution;

   b. Severe emotional trauma, distress, degradation, and suffering.

## SECTION 1983 CLAIMS

## FIRST CLAIM

### Illegal Strip Search Under Section 1983

38. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

39. By the actions described, the Defendants deprived Plaintiff of his Fourth Amendment right to be free of unreasonable or unwarranted restraints on personal liberty, specifically his right to be free of unlawful searches of his person.

40. The body cavity search of Plaintiff – an extreme invasion of privacy and bodily dignity – took place without probable cause to believe that a weapon or contraband was secreted in his anus.

41. As a direct and proximate result of the aforementioned conduct of the individual defendants, Plaintiff sustained the damages and injuries hereinbefore alleged.

## SECOND CLAIM

### Denial of Due Process Under Section 1983

42. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

43. By the actions described, the Defendants deprived Plaintiff of his Fourteenth Amendment right to due process of law.

44. Rather than release Plaintiff with a DAT – as required by New York State law – the individual defendants, exercising arbitrary discretion rather than following a process, prolonged Plaintiff's detention by keeping him detained through his criminal court arraignment.

45. As a direct and proximate result of the aforementioned conduct of the individual defendants, Plaintiff sustained the damages and injuries hereinbefore alleged.

## THIRD CLAIM

### Failure to Intervene Under Section 1983

46. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

47. Each and every individual defendant had an affirmative duty to intervene on Plaintiff's behalf to prevent the violation of his constitutional rights by other law enforcement officers.

48. The individual defendants failed to intervene on Plaintiff's behalf to prevent, end, or truthfully report the violations of his constitutional rights despite knowing about such violations and having had a realistic opportunity to do so.

49. As a direct and proximate result of the aforementioned conduct of the individual defendants, Plaintiff sustained the damages and injuries hereinbefore alleged.

## FOURTH CLAIM

### Municipal Liability Under Section 1983

50. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

51. By the actions described, the Defendant City deprived Plaintiff of his Constitutional rights through its failure to train, supervise, and discipline malicious and mendacious officers; and through its tolerance of illegal body cavity searches by NYPD officers.

52. As a direct and proximate result of the acts of Defendant City, Plaintiff sustained the other damages and injuries hereinbefore alleged.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands the following relief jointly and severally against the Defendants:

   a. An order awarding compensatory damages for Plaintiff Christopher Johnson in an amount to be determined at trial;

   b. An order enjoining and directing Defendant City of New York to establish clear guidelines in the NYPD's use of body cavity searches, including a requirement that officers document and articulate the reason for each body cavity search;

   c. An order awarding punitive damages in an amount to be determined at trial;

        d.        A court order, pursuant to 42 U.S.C. § 1988, that Plaintiff is entitled to reasonable attorney's fees, costs and disbursements; and

        e.        Such other and further relief as this Court may deem appropriate.

DATED:    June 14, 2021                                 /s/
                  New York, New York        CYRUS JOUBIN, ESQ.
                                                          43 West 43rd Street, Suite 119
                                                          New York, NY 10036
                                                           (703) 851-2467
                                                           joubinlaw@gmail.com
                                                           Attorney for Christopher Johnson